Argued January 20, reversed February 23, 1927.

### ADELE J. BUNDY *v.* CLAUDE C. BUNDY.

(253 Pac. 1117.)

(No Syllabus.)

Divorce, 19 **C. J.,** p. 55, n. 29, p. 142, n. 52, p. 143, n. 52.

From Multnomah: ROBERT G. MORROW, Judge.

Department 1.

REVERSED.

For appellant there was a brief over the name of *Messrs. Glos & Glos,* with an oral argument by *Mr. Charles H. Glos.*

For respondent there was a brief over the name of *Messrs. Bowerman & Kavanaugh,* with an oral argument by *Mr. John P. Kavanaugh.*

COSHOW, J.—This appeal is from a decree granting the plaintiff a divorce from the defendant on the grounds of cruel and inhuman treatment. The charge against defendant is communication of a venereal disease. The only contention is whether or not such a disease was communicated by the defendant to the plaintiff. It is not disputed that the communication of such a disease by one spouse to the other constitutes cruel and inhuman treatment. The question to be determined on the appeal as in the trial of the lower court is solely one of fact. We have carefully read the testimony, including the exhibits, and believe the evidence preponderates in favor of the defendant. The evidence is convincing that the defendant did not have the disease. The testimony in behalf of plaintiff fails to prove that she was afflicted with a venereal disease. She refused to submit to an independent scientific examination to determine whether or not she was or had been so afflicted. Defendant expressed a firm conviction that plaintiff never suffered from a disease of that nature. The testimony of the physician upon which she relies does not prove that she was so afflicted. Two other physicians, skilled in the science of medicine to whom plaintiff applied for treatment, pronounced her ailment other than venereal. Defendant expressed on the witness-stand implicit confidence in the integrity and virtue

of plaintiff. We believe plaintiff was misinformed concerning the nature of her illness and accused defendant wrongfully. It would serve no good purpose to set out the evidence in this opinion. The decree is reversed, and one entered here dismissing the suit.

REVERSED AND DECREE ENTERED.

BURNETT, C. J., and McBRIDE and RAND, JJ., concur.